UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANE VELEZ,<br><br>               Plaintiff,<br><br>         -against-<br><br>ARIANNA KENNEDY; HON. LAUREN T.<br>BRODERICK; TYESHA WILLIAMS; SIDNEY<br>ROUSSE,<br><br>               Defendants. | 23-CV-6660 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, alleging that Defendants violated her rights. Named as Defendants are New York City Family Court Judge Lauren T. Broderick, Arianna Kennedy, Tyesha Williams, and Sidney Rousse. By order dated August 2, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box on the form to invoke the court's federal question jurisdiction. In response to the question on the form asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "[V]iolated by ACS had said if I can get rid of my son I can get rid of my daughter[.] Now my kids are being kept away by force allegations. The hospital told me I wasn't al[lowed] to show emotions and jab me with the n[ee]dle." (ECF 1, at 2.)

Plaintiff states that she is filing this complaint to "report [her] judge, lawyer, ACS, and Bronx Lebanon Hospital." (*Id.* at 5.) ACS made a "force allegation" against Plaintiff, without proof or evidence. (*Id.*) She has been "mentally, emotionally and medically abuse[d] at the hospital" and her lawyer is not providing "the right help." (*Id.*)

Plaintiff further alleges,

[T]he school had told a lie to ACS against me. I'm being threaten by ACS and the judge with no pro[of] or evidence[.] The hospital had threaten me with medication jab with . . . a n[ee]dle for no reason. I am a single mom of 3[.] ACS told me if I can get rid of my son I can get rid of my daughter[.] And now being threaten for jail if I don't give them the social & birth certificate or I'll do jail[.] And now with force allegations the[y're] keeping my kids from me. The school made excuses for me to see my daughter as her show dance so I chose not to go ACS is taking advantage of the[ir] power against me[.] There doing all these changes with my kids insurance[.] Kennedy try to paint me crazy mother with her lies cause she messed up on her paper work so the case escalated with more allegations[.] And I go threw gums bleed by a medication that was giving to m[e].

(*Id.* at 5-6.)

In the space on the complaint form for Plaintiff to describe her injuries, she writes,

[T]he hospital jab me with a n[ee]dle[.] It locked my jaw[.] My to[ngue] was force pulled back and my jaw was forced to the side while Doctor Wallysada laughed at me and told me I was fine while I couldn't talk the medicine they have me panick to sleep anxiety to medication.

(*Id.* at 6.)

Plaintiff does not state the relief she is seeking.

## DISCUSSION

### A.    Rule 8

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Here, Plaintiff does not allege sufficient facts to state a plausible claim for relief. As an initial matter, with the exception of Judge Broderick, she does not explain who any of the defendants are or their role in her claims. On this basis alone, the Court is unable to draw the inference that any of the named defendants are liable for any alleged misconduct. Furthermore, Plaintiff references a number of incidents or events – a possible ACS investigation, a possible state family court proceeding regarding her children, and experiences at a doctor's office or hospital – but she does not allege sufficient facts about any of these incidents to suggest a viable legal claim or to explain how the named defendants are liable for any alleged violation of her rights.

The Court grants Plaintiff leave to file an amended complaint to allege additional facts in support of her claims and to address the issues discussed below.

**B.      Judicial Immunity**

Plaintiff's claims against New York City Family Court Judge Lauren T. Broderick must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Broderick acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because the Court understands Plaintiff to be suing Judge Broderick for "acts arising out of, or related to, individual cases before [her]," the judge is immune from suit on the claims Plaintiff asserts in her complaint. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Broderick because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## C.    State Action

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff does not allege any facts suggesting that Defendants Kennedy, Williams, and Rousse work for any state or other government body. She therefore fails to state a Section 1983 claim against these defendants.

If Plaintiff asserts Section 1983 claims against these defendants in an amended complaint, she must allege facts showing that they are employed by a state or local government body.

### D.    Personal Involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under Section 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Williams and Rousse were personally involved in the events underlying her claims. While she includes a single reference to Kennedy "try[ing] to paint [her as a] crazy mother" (ECF 1, at 6), Plaintiff alleges no other facts suggesting Kennedy was directly involved in the events giving rise to her claims. If Plaintiff files an amended complaint, she must allege facts showing how each defendant was personally and directly involved in violating her federally protected rights.

E.      **State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because Plaintiff has been granted leave to file an amended complaint, the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims he may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether Plaintiff can allege additional facts to state a viable Section 1983 claim, in light of her *pro se* status, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff must name as the defendant(s) in the caption[1] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

---

[1] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her
federally protected rights and how; when and where such violations occurred; and why Plaintiff
is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the
original complaint, any facts or claims that Plaintiff wants to include from the original complaint
must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")
Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic
staffed by attorneys and paralegals to assist those who are representing themselves in civil
lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the
court. It cannot accept filings on behalf of the court, which must still be made by any *pro se*
party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to
this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards
set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit
within 60 days of the date of this order, caption the document as an "Amended Complaint," and
label the document with docket number 23-CV-6660 (LTS). An Amended Complaint form is
attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the
time allowed, and she cannot show good cause to excuse such failure, the complaint will be
dismissed for the reasons stated in this order.

A copy of the NYLAG flyer with details of the clinic is also attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 5, 2023
          New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    \_\_\_\_ Civ. _____ ( \_\_\_\_ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                    **AMENDED
COMPLAINT**

                    -against-

_____                    Jury Trial:   ☐ Yes        ☐ No

_____                                      (check one)

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.     Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.     What is the basis for federal court jurisdiction?  *(check all that apply)*

    ☐ Federal Questions        ☐ Diversity of Citizenship

B.     If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.     If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

*Rev. 12/2009*                2

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur?  _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____

_____

C.      Facts:  _____

_____

What happened to you?

_____

_____

_____

Who did what?

_____

_____

_____

Was anyone else involved?

_____

_____

Who else saw what happened?

_____

_____

_____

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Mailing Address          _____

_____

_____

Telephone Number        _____

Fax Number *(if you have one)*   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number           _____



Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

> Room LL22
> 40 Foley Square
> New York, NY 10007
> (212) 659 6190

> Open weekdays
> 10 a.m. – 4 p.m.
> Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of